Raymond and Raymond
Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax; (815) 642-4613 Voice-mail
Email: bankruptcy123@comcast.net
Herbert B. Raymond #HR-1379; Jeffrey M. Raymond
Attorneys for the Debtor(s

---

| IN RE:<br><br>WILSON MALDONADO<br>MARIBEL MALDONADO,<br><br>DEBTORS(S). | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>CHAPTER 13<br>CASE NO.: 11-42832 (MS) |
|---|---|
| WILSON MALDONADO<br>MARIBEL MALDONADO<br><br>            Plaintiff,<br>    V.<br><br>SALLIE MAE<br>            Defendants. | Adv. Pro. No.: |

---

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOANS**

   Plaintiff-Debtors, WILSON AND MARIBEL MALDONADO, by way of counsel, says as follows:

   1. The Debtor-Plaintiffs (hereinafter simply plaintiffs or debtors) filed a petition under Chapter 13 of the Bankruptcy Code on November 14, 2011 under the case number noted above.  Debtors reside at 25 Parkway Avenue, Clifton, New Jersey.

   2. This court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, 11 U.S.C. Sections 106(a), 505(a), 523(a), 507(a)(8), and 727 and 28 U.S.C. Sections 157(a) and 157(b)(2) in that the foregoing matter involves the determination of the dischargeability of certain debts.  This court also has

the authority conferred under 11 U.S.C. Section 105 to issue any orders or process necessary and convenient to enforce any previous order made in the interests of preventing interference with the orderly operation of this case and the administration of justice.  This proceeding is a core proceeding.

**STATEMENT OF FACTUAL BASIS FOR ADVERSARY PROCEEDING**

**COUNT 1- FULL DISCHARGE**

3. Plaintiffs filed a petition under Chapter 13 of the Bankruptcy Code on November 14, 2011, in the District of New Jersey, Newark vicinage, designated as the above-captioned case. On schedule F (general unsecured claims, non-priority) student loans owed to Sallie Mae  in the amount of $43,379.00 are scheduled.

4. The tuition was incurred by the debtors' son to pay tuition and other expenses at LaSalle University. Their son received a partial football scholarship and incurred the above loan to pay the remaining fees and costs. The debtors co-signed the obligation as there son had no prior credit history and the chance of the their son obtaining a loan and one with good terms at that would be much greater with them co-signing.

5. Their son was subsequently killed in a car accident on November 10, 2006.  After all funeral expenses were paid, the debtors were left without any savings.

6. The debtors sent the death certificate to Sallie Mae and attempted to either relieve themselves of the obligation or at least work out an alternative payment schedule but were informed that they would be fully responsible on the debt as co-signors.

7.   The debtors made payments on the loan for several years,

even while the joint debtor lost her job and was collecting unemployment. However, eventually the unemployment benefits expired and the debtors were no longer able to make any payments.

8. Eventually, due to constant collection efforts by Sallie Mae, as well as the threatened lost of their home due to mortgage arrears, the debtors filed the current petition for relief.

9. Although the joint debtor is once again working, it is at a rate significantly less than before. The debtors have a limited income for the foreseeable future and it would take over thirty-three (33) years to pay off the student loan obligation in full based on the current balance and their current disposable income. Once ongoing, compounded interest is factored, the debtors will have no realistic prospects of paying this obligation in their lifetimes. The debtors are in their late 40's now and will be paying this debt well into their senior years, likely until each dies, and at a time when they will no longer be able to work and will likely have less income.

10. In addition, the joint-debtor's elderly mom will eventually have to move in with them when she is unable to care for herself further straining the financial resources, and the debtors currently also have another son in college.

11. The debtors have no current or anticipated available income with which to pay this loan and repayment of this loan would pose a substantial hardship on the debtors.

**WHEREFORE,** it is respectfully requested that this HONORABLE COURT determine that the entire balance of this unpaid loan be declared dischargeable and that the court grant further relief as deemed just, equitable and proper.

### **COUNT 2- PARTIAL DISCHARGE**

12.  The same facts enumerated in paragraphs 3 through 10 above pertain here as well.

13. Some courts have allowed a partial discharge of student loans to the extent that paying it does not pose a substantial hardship on the debtors.

14. The debtors would be able to pay a portion of the aforementioned loan without a substantial hardship.

**WHEREFORE,** it is respectfully requested that this HONORABLE COURT determine that the debtors repay an amount the court deems fit and which will not pose a substantial hardship on the debtors in light of their current and anticipated resources.  The balance of such loan not paid shall be discharged.

Dated: July 7, 2012

/S/ HERBERT B. RAYMOND, ESQ.
--------------------------------------
HERBERT B. RAYMOND, ESQ.
Attorney for the Debtor-Plaintiffs
Wilson and Maribel Maldonado